THE STATE v. ELLIOTT, Appellant.

Division Two, February 25, 1902.

**Murder in the Second Degree: EVIDENCE.** Deceased had accused defendant of stealing his chickens, and on the morning of the homicide defendant went to a small ravine that separated their adjoining properties, and called to him, stating he wished to speak to him about these accusations. Defendant began at once to quarrel with him, and deceased started up the bank towards him, whereupon defendant went to his house, got his shotgun, and stepped into the yard and commanded deceased to stop. He did so, and defendant lowered his gun. Continuing to quarrel, defendant again raised his gun, whereupon his wife jumped between the two men. Defendant commanded her to stand aside, and when she did so the fatal shot was fired, deceased, who stood close by, being instantly killed. *Held*, that there being no error in the indictment or at the trial, the verdict of guilty and assessing defendant's punishment at ten years' imprisonment, will be permitted to stand.

Appeal from Jackson Criminal Court.—*Hon. Jno. W. Wofford*, Judge.

AFFIRMED.

*Edward C. Crow,* Attorney-General, and *Jerry M. Jeffries* for the State.

(1) Unless one excepts to the actions of the court in its failure to instruct on all the law in the cause, there is no reversible error. State v. Gordon, 153 Mo. 576; State v. McAfee, 148 Mo. 370; State v. Sprague, 149 Mo. 409; State v. Albright, 144 Mo. 638. Defendant can not complain of the introduction of evidence as he did not except to the action of the court in admitting or refusing evidence. · State v. McAfee, 148 Mo. 370; State v. Rapp, 142 Mo. 443. (2) The in-

dictment clearly notifies the defendant of the charge against him. This is all that is necessary under our law. State v. Frazier, 137 Mo. 318; State v. Herrell, 97 Mo. 105; State v. Paxton, 90 Mo. 220. The indictment charges every essential element necessary to murder in the second degree. State v. Morton, 139 Mo. 256; State v. Burns, 148 Mo. 167.

BURGESS, J.—Under an indictment charging defendant with murder in the second degree, for shooting to death with a shotgun his brother, David Elliott, defendant was convicted of that offense, and his punishment fixed at ten years. imprisonment in the state penitentiary. He appeals.

It appears from the record that the defendant and the deceased, David Elliott, were brothers and lived at the town of Sibley in Jackson county at the time of the homicide. Their residences were about fifty yards apart, and between them was a ravine about twenty feet wide, and of about the same depth. There had existed bad feeling between the brothers for some time growing out of accusations said to have been made by deceased against defendant and his wife for stealing his (deceased's) chickens. On the morning of the homicide the defendant came to the brink of this ravine and called to his brother, saying that he wanted to speak to him, immediately beginning to quarrel over the alleged charges that his brother had been making against him about stealing chickens. After some hot words between the two men the deceased started up the hill towards the defendant, and defendant ran back to the house, where he secured a shotgun and when he came out of the house held the gun ready to fire. He pulled the gun up and told his brother to stop, which the brother did, and defendant lowered the gun. They spoke a few words back and forth when defendant raised the gun again, and the defendant's wife jumped between them. The defendant told her to stand aside. She did so and the fatal

Vol 167 mo—19

State v. Elliott.

shot was fired. The load of shot entered the deceased's body to the front of the left side and passed through the heart and on through the body and lodged just beneath the skin just back on the right side. David Elliott fell forward on his face, dead.

The deceased, when he approached the defendant, had no weapon of any kind and was making no violent threats nor had the means of carrying any threats into execution. The defendant was forty-four years of age and his brother was fifty years old. They were men of about the same physical strength, the defendant being a little taller, but not quite so heavy as his brother. When the shot was fired the two men were so close together that the entire load from the gun entered the body of the deceased, tearing a hole through the body as large as a silver dollar.

There was some evidence that the defendant had threatened the life of his brother shortly before this encounter between them.

Defendant is not represented in this court, but several reasons are assigned in the motion for a new trial, for setting the verdict aside, and for a new trial. We are, however, after a careful examination of the record, satisfied that none of them were well grounded. Defendant had a fair trial and no reason to complain of anything which occurred therein. The indictment is free from objection and in form often approved by this court. Finding no reversible error in the record, we affirm the judgment. All concur.